UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| EUGENE JOHNSON | ) |  |
| --- | --- | --- |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 3:12 CV 399 |
|  | ) |  |
| THE CITY OF | ) |  |
| SOUTH BEND POLICE | ) |  |
| DEPARTMENT, the CITY | ) |  |
| OF SOUTH BEND, INDIANA, and | ) |  |
| JOSEPH MITCHELL, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION AND ORDER

Defendants the City of South Bend and the South Bend Police Department have moved to dismiss plaintiff Eugene Johnson's state claim (DE # 9) for lack of subject matter jurisdiction and have moved to dismiss plaintiff's § 1983 claim (DE # 11) for failure to state a claim upon which relief can be granted. For the following reasons, those motions are denied.

**I. Facts and Procedural History**

The court need not delve deeply into the facts alleged in the complaint to resolve the current motions. In his original complaint, plaintiff alleged that on August 1, 2010, he was attacked and injured by members of the South Bend Police Department following a traffic stop. (DE # 1.) On July 6, 2012, plaintiff filed a complaint against the City of South Bend and the South Bend Police Department in Indiana state court. (*Id.*) The complaint brought a state claim for assault and battery and an excessive force claim under 42 U.S.C.

§ 1983. The § 1983 claim alleged that the City of South Bend and the South Bend Police Department were liable because the officers that plaintiff alleged attacked him were acting in their official capacities at the time of the alleged incident. (DE # 1 at 3.) Defendants subsequently removed the action to this court. (DE # 2.)

Defendants then filed two motions to dismiss on August 22, 2012. First, defendants filed a motion to dismiss plaintiff's state law claim for lack of jurisdiction under FED. R. CIV. P. 12(b)(1). (DE # 9.) Second, defendants filed a motion to dismiss plaintiff's § 1983 claim for failure to state a claim upon which relief can be granted under FED. R. CIV. P. 12(b)(6). (DE # 11.) Plaintiff then filed an amended complaint (DE # 17), and a second amended complaint (DE # 19).[1] Plaintiff has also responded to defendants' motion to dismiss for lack of jurisdiction (DE # 14).

## II. Defendants' Motion To Dismiss For Failure To State A Claim

In their memorandum in support of their motion to dismiss for failure to state a claim upon which relief can be granted, defendants argue that plaintiff has failed to state a claim regarding his § 1983 claim because "plaintiff asserts no factual content that supports his theory that the City of South Bend or its Police Department engaged in a policy, custom or practice that would expose it to liability under Section 1983." (DE # 12 at 2.)

---

[1] Plaintiff was allowed to amend his complaint once as a matter of course under FED. R. CIV. P. 15(a)(1)(B). Plaintiff, however, filed a second amended complaint on the same day he filed his amended complaint. (DE ## 17, 19.) The bodies of the amended complaints appear to be identical. The only change appears to be in the caption. The court therefore grants plaintiff leave to file his second amended complaint.

2

As noted above, however, plaintiff has been granted leave to file his second amended complaint, and an amended complaint "becomes controlling once it is filed because the prior pleading is withdrawn by operation of law." *Ransom v. Lemmon*, No. 3:12–CV–065, 2012 WL 3292897, at *1 (N.D. Ind. Aug. 9, 2012) (citing *Johnson v. Dossey,* 515 F.3d 778, 780 (7th Cir. 2008)). Therefore, defendants' motion is denied as moot. (DE # 11.)

**III. Defendants' Motion To Dismiss For Lack Of Jurisdiction**

Defendants also move to dismiss plaintiff's state law claim for lack of jurisdiction under FED. R. CIV. P. 12(b)(1). (DE # 9.) Defendants argue that plaintiff failed to comply with the requirements of the Indiana Tort Claims Act, and therefore, his state law claim must be dismissed. (DE # 10.)[2]

The Indiana Tort Claims Act ("ITCA") requires plaintiffs asserting claims against political subdivisions give the political subdivision notice of the claim within 180 days of the date the loss occurred. IND. CODE § 34-13-3-8(a).[3] In their memorandum in support of

---

[2] Although, as noted above, an amended complaint becomes controlling once it is filed, defendants' argument regarding the ITCA notice requirement applies equally to plaintiff's amended complaint.

[3] The relevant portion of that statute states:

Except as provided in section 9 of this chapter, a claim against a political subdivision is barred unless notice is filed with:

(1) the governing body of that political subdivision; and

(2) the Indiana political subdivision risk management commission created under IC 27-1-29;

their motion to dismiss, defendants argue they did not become aware of plaintiff's claims until July 6, 2012, well over 180 days after the alleged incident. (DE # 10.)

In response, plaintiff argues that he complied with the notice requirements of the ITCA, and has submitted documentation showing he sent notice of his claims to both the City of South Bend and the Indiana political subdivision risk management commission. (DE # 15.) Specifically, plaintiff has provided signed certified mail return receipts from the City of South Bend and the Indiana political subdivision risk management commission. (*Id.* at 5.) Plaintiff has also submitted a copy of the notice it sent the City of Sound Bend. (*Id.* at 3.) Both certified mail return receipts are dated January 10, 2011.

In their reply brief, defendants concede that plaintiff prepared and sent a tort claim notice, and received a signed certified mail receipt in return. (DE # 22 at 1.) Defendants, however, argue that the person who signed the return receipt was neither an employee nor an agent of the city. (*Id.*) Thus, defendants contend plaintiff failed to comply with the notice requirement.

Plaintiff is required to prove compliance with the ITCA's notice requirement. *Waldrip v. Waldrip*, 976 N.E.2d 102, 110 (Ind. Ct. App. 2012); *see also Wright v. Elston*, 701 N.E.2d 1227, 1233 (Ind. Ct. App. 1998) ("The plaintiff bears the burden of proving compliance with the notice provisions of the tort claims act."). "The question of compliance is not a question of fact, but rather a procedural precedent which the plaintiff

---

within one hundred eighty (180) days after the loss occurs.

IND. CODE § 34-13-3-8(a).

must prove and which the trial court must determine prior to trial." *Meury v. Eagle-Union Cmty. Sch. Corp.*, 714 N.E.2d 233, 241 (Ind. Ct. App. 1999) (citation and quotation omitted).

In this case, plaintiff has provided evidence that he complied with the statutory notice requirements of the ITCA. Plaintiff has submitted the notice he sent the City of South Bend (DE # 15 at 3), and the signed certified mail return receipt showing that he sent the notice to the City of South Bend (*id.* at 4-5). Defendants do not argue that the notice plaintiff attempted to provide the City of South Bend was untimely, as it was sent on January 10, 2011 (*id.*), well within 180 days of August 1, 2010, the date of the alleged incident. Defendants also do not argue that the notice that plaintiff sent to the City of South Bend failed to meet the requirements of IND. CODE § 34-13-3-10, which explains the statutory requirements for the form and content of the required notice under the ITCA. Finally, defendants do not argue that the notice plaintiff sent to the City of South Bend was mailed to an improper address.[4]

Instead, defendants argue that the person that signed the certified mail return receipt was neither an employee nor an agent of the City of South Bend. (DE # 22.) Defendants, however, have not provided any evidence to support this assertion. *United States v. Stevens*, 500 F.3d 625, 628 (7th Cir. 2007) ("[A]rguments in a . . . brief, unsupported by documentary evidence, are *not* evidence." (emphasis in original)); *see also*

---

[4] Plaintiff's notice was addressed to the "City of South Bend, 227 W. Jefferson Blvd., 14th Floor Cty-City Bldg, South Bend, IN, 46601." (DE # 15 at 4.) Defendants' attorney in this case lists his address as "227 W Jefferson Blvd Suite 1400 South Bend, IN 46601." (*See* Docket Sheet.)

*Campania Mgmt. Co., Inc. v. Rooks, Pitts & Poust*, 290 F.3d 843, 853 (7th Cir. 2002) ("[I]t is universally known that statements of attorneys are not evidence.").

It is unfortunate that defendants may not have received notice of plaintiff's claims in this case. The evidence presented shows, however, that plaintiff complied with the ITCA's statutory notice requirements. Defendants' motion to dismiss is therefore denied. (DE # 9.)

## IV. Conclusion

For the foregoing reasons, defendants' motions to dismiss (DE # 9, DE # 11) are **DENIED**. As the court outlined in its October 18, 2012 order (DE # 32), defendants have fourteen days from the date of this order to file an answer to plaintiff's second amended complaint. Additionally, defendants are granted leave to file any motions to dismiss regarding plaintiff's second amended complaint that they feel are appropriate. Any new motions to dismiss must be filed fourteen days from the date of this order.

**SO ORDERED.**

Date: January 3, 2013

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT