## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | |
|---|---|
| EUGENE JOHNSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:12 CV 399 |
| ) | |
| THE CITY OF ) | |
| SOUTH BEND POLICE ) | |
| DEPARTMENT, the CITY ) | |
| OF SOUTH BEND, INDIANA, and ) | |
| JOSEPH MITCHELL, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter is before the court on defendants the City of South Bend and the South

Bend Police Department's motion to dismiss plaintiff Eugene Johnson's 42 U.S.C. § 1983

claim (DE # 35) for failure to state a claim upon which relief can be granted. For the

following reasons, that motion is denied.

## I.       Facts and Procedural History

On July 6, 2012, plaintiff filed a complaint against the City of South Bend and the

South Bend Police Department in Indiana state court. (DE # 1.) In the complaint, plaintiff

brought a state claim for assault and battery and an excessive force claim under 42 U.S.C.

§ 1983. Defendants subsequently removed the action to this court. (DE # 2.) The City of

South Bend and the South Bend Police Department filed two motions to dismiss (DE ## 9,

11), which the court denied. (DE # 33.) In September of 2012, plaintiff filed his second

amended complaint. (DE # 19.)

In his second amended complaint, plaintiff alleges that on August 1, 2010, he was attacked and injured by members of the South Bend Police Department following a traffic stop. (*Id.*) During the stop, plaintiff alleges that defendant Officer Mitchell pulled plaintiff out of his vehicle, causing plaintiff to land on his face, and breaking one of plaintiff's teeth. (*Id.* at 2.) At that point, several other officers at the scene began hitting plaintiff. (*Id.*) Plaintiff was then handcuffed and put in the back of Officer Mitchell's squad car. (*Id.*) After plaintiff was secured in the back of the squad car, one of the other officers at the scene opened the squad car door and hit plaintiff again. (*Id.*)

Plaintiff's second amended complaint alleges that Officer Mitchell used excessive force during the traffic stop in violation of the Fourth Amendment. (*Id.*) Additionally, plaintiff asserts an assault and battery claim against all defendants, and a municipal liability claim against the City of South Bend and the South Bend Police Department. Plaintiff's second amended complaint specifically alleges that the City of South Bend and the South Bend Police Department are liable for failing to properly train South Bend police officers to use reasonable force when making arrests. (*Id.* at 4.) The City of South Bend and the South Bend Police Department (hereinafter "defendants") filed the current motion to dismiss plaintiff's § 1983 claim as it relates to plaintiff's municipal liability claim. (DE ## 35, 36.)

## II.    Legal Standard

Defendants have moved to dismiss plaintiff's claims under RULE 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to state a claim upon which relief may be

granted. RULE 8 of the FEDERAL RULES OF CIVIL PROCEDURE sets forth the pleading standard for complaints filed in federal court; specifically, that rule requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8. "The RULE reflects a liberal notice pleading regime, which is intended to focus litigation on the merits of a claim rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross,* 578 F.3d 574, 580 (7th Cir. 2009) (internal quotation marks omitted). "While the federal pleading standard is quite forgiving . . . 'the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011) (quoting *Bonte v. U.S. Bank, N.A.,* 624 F.3d 461, 463 (7th Cir. 2010)); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007).

For purposes of deciding defendants' RULE 12(b)(6) motion, the court accepts plaintiff's factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

## III. Analysis

In their motion to dismiss, defendants argue that plaintiff has failed to allege sufficient factual information to support his municipal theory of liability. (DE # 36.) "Governmental entities cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008). "The 'official policy' requirement for liability under § 1983 is to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for

which the municipality is actually responsible." *Id.* (quotations and citations omitted) (emphasis in original).

A plaintiff can establish municipal liability under § 1983 by producing evidence of:

"(1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority."

*Phelan v. Cook Cnty.*, 463 F.3d 773, 789 (7th Cir. 2006) (quoting *Roach v. City of Evansville*, 111 F.3d 544, 548 (7th Cir. 1997)). Additionally, "[t]he inadequacy of police training may serve as the basis for § 1983 liability, but only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Hollins v. City of Milwaukee*, 574 F.3d 822, 827 (7th Cir. 2009); *see also Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012) ("The failure to provide adequate training to its employees may be a basis for imposing liability on a municipality . . . .").

In their motion to dismiss, defendants make two primary arguments as to why plaintiff's second amended complaint fails to state a municipal liability claim. First, defendants argue that "[t]he assertions made by the plaintiff are legal, not factual conclusions and thus contributes [sic] nothing to the plausibility analysis under *Iqbal*." (DE # 36 at 1.) Although defendants do not identify which allegations they are referring to, the allegations contained in municipal liability section of plaintiff's complaint state that defendants "failed to properly train [and supervise] Officer Mitchell and the other

officers to ensure the use of objectively reasonable force when arresting individuals . . . ."
(DE # 19 at 4.)

As the Seventh Circuit recently explained, a complaint must give "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010). The court must "ask itself *could* these things have happened, not *did* they happen." *Id.* (emphasis in original). In this case, plaintiff has met this standard. In his second amended complaint, plaintiff alleges that South Bend police officers used excessive force against him in violation of the Fourth Amendment, and that this violation was brought about by the defendants' failure to properly train these officers on the use of reasonable force when making arrests .
(DE # 19.) This is sufficient to put defendants on notice of plaintiff's municipal liability claim, and defendants' argument therefore fails. *Twombly,* 550 U.S. at 555 ("Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests . . . ." (citation and quotation omitted)); *see also Roberts v. City of Indianapolis*, No. 1:10–cv–1436, 2011 WL 2443672, at *2-3 (S.D. Ind. June 14, 2011) (concluding that plaintiff had stated a claim after alleging facts similar to the case at hand).[*]

---

[*] Defendants cite *McCauley v. City of Chicago* for the proposition that the allegations plaintiff makes in his second amended complaint regarding defendants' failure to train are legal conclusions, and thus should be disregarded. 671 F.3d 611, 617-18 (7th Cir. 2011). In that case, however, the court concluded that allegations very similar to the allegations defendants in this case contend are legal conclusions were

Defendants' second argument is that plaintiff is trying to assert a vicarious liability theory against defendants. (DE # 35 at 1.) Specifically, defendants point to paragraph 47 of plaintiff's second amended complaint, which states: "Therefore, the City and the Police Department are liable to Johnson for Officer Mitchell's and other officer's [sic] actions under 42 U.S.C. § 1983." (DE # 19 at 4.) Defendants are correct that there is no vicarious liability under § 1983. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866 (7th Cir. 2013) ("Section 1983 does not create vicarious liability.") And while paragraph 47 of plaintiff's second amended complaint might support a vicarious liability theory, plaintiff has stated a claim for municipal liability, and defendants' second argument also fails.

Defendants make no additional arguments in their motion to dismiss. Therefore, that motion must be denied.

## IV.    Conclusion

For the foregoing reasons, defendants' motion to dismiss plaintiff's municipal liability claim is **DENIED**. (DE # 35.)

**SO ORDERED.**

Date: April 19, 2013

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

---

actually factual allegations and not legal conclusions. *Id.* at 618.